NOAH WALKER *v.* L. N. DANTZLER LUMBER COMPANY.

[60 South. 1013.]

TRIAL. *Peremptory instructions. Conflicting evidence.*

> Where on the trial of a case there is conflicting evidence as to a
> legal defense interposed by the defendant, a peremptory instruction for the plaintiff should not be given.

APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Suit by L. N. Dantzler Lumber Company against Noah
Walker. From a judgment for plaintiff, defendant appeals.

Appellee was plaintiff in the court below, and appellant was defendant. The plaintiff below filed this suit on open account for two hundred and ninety-four dollars, attaching to the declaration the sworn itemized statement. The defendant filed a plea, denying liability, and also claiming a set-off; one item of the set-off being for services rendered by plaintiff and his sons in taking up certain cattle of defendant and making yokes, chains, and other gear for same. Another item was for certain logs alleged to have been delivered to plaintiff by defendant, for which defendant was never paid. Plaintiff introduced no evidence, except his sworn itemized account. The defendant claimed to have delivered these logs at the bank of the creek, under a contract with plaintiff to receive them and that he had branded them with the plaintiff's mark and left them there. It seems that they were carried away by high water. Plaintiff's agent had never measured them or taken them up, for the reason that he claimed that they were cut off of land the title to which was in dispute; but defendant claimed that the logs were eventually taken up by one of plaintiff's agents, who came along in high-water time and floated the logs to plaintiff's mill. The testimony is not clear on this subject. The defendant also claims that he had an agreement with one of plaintiff's agents that the mutual accounts between plaintiff and defendant should be balanced and wiped out, and that the open account sued on was, by this agreement, settled between defendant and plaintiff's agent. On the trial the court gave peremptory instruction to find for plaintiff, after crediting the account with the items for labor in getting up and equipping the cattle teams.

*Mayes & Mayes,* attorneys for appellant.

The court will recall that each of the parties to this suit claim that he has an account against the other; that under his plea of general issue, the defendant notified

the plaintiff that at the trial of the case he would prove that before this suit was filed, the plaintiff and defend-ant agreed, the one with the other, that these accounts would offset the one against the other, and that any bal-ance owing one way or the other, would be thereby wiped out.

In accordance with this notice, the defendant testified that sometime before this suit was ·filed he met Posey Powell, a representative of the plaintiff on the country road and that after discussing these accounts, it was agreed between them that the one account would offset the other, and that all balances would be thereby wiped out; that after making this agreement, the defendant gave the matter of his account no further thought, but "rested easy," thinking that the matter was closed. Posey Powell denied that he made such an agreement with the defendant.

Here we have a sharp conflict in the testimony, and, of course, under the universal rule, the question of whether or not such an agreement was made should have been submitted to the jury. If this question had been submitted to the jury, and the jury had believed that the agreement had been made, this would have been a bar to plaintiff's action. But the trial court would not sub-·mit this question to the jury, but took the matter in its own hands, and discarded defendant's testimony, that agreement was made, and accepted Powell's testimony that the agreement was not made, and gave a peremp-tory instruction for the plaintiff.

This action of the trial court was erroneous, of course. These were the only two witnesses who professed to know anything about this agreement, and their testimony was in sharp conflict. What right had the trial court to dis-regard defendant's statements, and accept Powell's? None whatever. The question of whether or not there was an agreement to offset these accounts should have gone to the jury and a peremptory instruction was of

course, improper since, if the jury adopted defendant's theory, plaintiff would have been barred from recovery.

*Ford, White & Ford,* attorneys for appellee.

On the trial appellant undertook to testify that at the time the note and deed of trust were executed, there was a verbal agreement that they were not to be paid, and that in case appellant failed to pay in full for the oxen any partial payments he had made were to be refunded to him.

This testimony was objected to as tending to vary a written contract by oral testimony, and the objection was sustained. There was an item in the set-off of two hundred and ninety-two dollars for one hundred and forty-six sawlogs at two dollars per log.

The evidence as to this is that appellee was buying logs from appellant and one dollar per thousand on the timber brought was to be applied as a payment on the eight-hundred-dollar note. There was no contract by which appellee agreed to buy any given number of logs, nor the logs off of any particular land; nor did he agree to take all the logs appellant might haul.

Appellant hauled to the bank of the creek one hundred and forty-six logs which had been cut from land, the title to which was in dispute, and appellee refused to receive or to measure them. Appellant marked them in the brand of appellee and left them on the bank of the creek and they were carried away by high water and either driven down the creek, or scattered in the swamp.

The remaining items of the set-off were one for twenty-five dollars and one for seventy-five dollars for rigging up and delivering the teams after the deed of trust was foreclosed. By a peremptory instruction, the court eliminated the items in appellant's set-off for payment made on the team amounting to two hundred dollars and thirty-eight cents and the item for one hundred and forty-six logs at two dollars per log, amounting to two hun-

dred and ninety-eight dollars, allowed appellee credit for the items of twenty-five dollars and seventy-five dollars in the set-off claimed for rigging up and delivering teams; and gave a peremptory instruction for appellee for two hundred and twenty-one dollars and ninety-two cents.

We are content to submit this cause on a simple statement of facts, and respectfully submit that no error was committed by the court below.

Argued orally by *Lucius Mayes*, for appellant.

REED, J., delivered the opinion of the court.

The trial court gave a peremptory instruction to the jury to find for the appellee in this case. A review of the case leads us to the conclusion that there was a conflict of testimony regarding the delivery of logs and the settlement of the mutual accounts between the parties to the extent that the trial court should have permitted the jury to pass upon the facts in conflict.

*Reversed and remanded.*